# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES SIMPSON,

                        Petitioner,                        Case Number: 2:09-CV-11998

v.                                            HON. GEORGE CARAM STEEH

BLAINE LAFLER,

                        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING
## SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS
## TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner James Simpson, a state prisoner currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree murder, assault with intent to commit murder, and felony firearm. Petitioner previously has filed a habeas corpus petition challenging these convictions. The Court finds that the pending petition constitutes a successive petition over which the Court lacks jurisdiction. Therefore, the Court transfers the matter to the Court of Appeals so that Petitioner may seek permission to file a successive petition.

On August 13, 2001, Petitioner filed a habeas corpus petition in this district, challenging the same convictions challenged in the pending petition. That matter was assigned to the Honorable David M. Lawson. The District Court dismissed the petition with prejudice because the petition was time-barred. *See Simpson v. Howes*, No. 01-cv-10307 (E.D. Mich. June 10, 2002) (Lawson, J.). The Sixth Circuit Court of Appeals has held that when a habeas corpus

petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." *In re Cook*, 215 F. 3d 606, 607 (6th Cir. 2000). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits). Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.


Dated: June 4, 2009

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

2