UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SIMPSON,

        Petitioner,                      Case Number: 2:09-CV-11998

v.                                            HON. GEORGE CARAM STEEH

BLAINE LAFLER,

        Respondent.
_____/

### ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING RESPONSIVE PLEADING

In the pending habeas corpus petition, filed under 28 U.S.C. § 2254, Petitioner James Simpson challenges his convictions for second-degree murder, two counts of assault with intent to commit murder, and possession of a firearm in the commission of a felony. Simpson filed this petition on May 26, 2009. The Court transferred the petition to the Sixth Circuit Court of Appeals because Simpson previously filed a habeas corpus petition which was denied on the merits and he had not received authorization for the Court of Appeals to file a second petition. On June 24, 2010, the United States Court of Appeals for the Sixth Circuit granted Simpson permission to file a second petition for a writ of habeas corpus under 28 U.S.C. § 2244(b). This Court then reopened the habeas corpus proceeding and directed Respondent to file a responsive pleading. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed.

**I.**

Following a bench trial, Simpson was convicted in Wayne County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm while committing a felony, Mich. Comp. Laws § 750.227b.  He was sentenced to twenty-five to forty years in prison for the murder conviction, twenty to thirty-five years in prison for the assault convictions, and a consecutive term of two years in prison for the felony-firearm conviction.  The Michigan Court of Appeals affirmed Simpson's convictions. *People v. Simpson,* No. 155093 (Mich. Ct. App. June 2, 1994).  On November 30, 1994, the Michigan Supreme Court denied leave to appeal.  *See People v. Simpson*, No. 99893 (Mich. Nov. 30, 1994).

In 1995, Simpson filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  Simpson moved for reconsideration, which the trial court denied on June 30, 1995.  Simpson did not appeal the trial court's decision.

On January 20, 1998, Simpson filed a second motion for relief from judgment. The trial court denied the motion.  Both Michigan appellate courts denied Simpson's applications for leave to appeal the trial court's decision.  *People v. Simpson*, No. 222311 (Mich. Ct. App. May 3, 2000); *People v. Simpson*, No. 117533 (Mich. Feb. 26, 2001).

On August 13, 2001, Simpson filed a petition for a writ of habeas corpus in this Court.  The District Court dismissed the petition with prejudice because the petition was time-barred.  *See Simpson v. Howes*, No. 01-cv-10307 (E.D. Mich. June 10, 2002) (Lawson, J.).

On August 10, 2005, Simpson filed a motion for relief from judgment in the trial

2

court, raising the claim that newly-discovered evidence showed that the only witness placing Simpson at the scene of the crime had recanted his testimony. Simpson presented an affidavit from the witness in support of this claim. The trial court denied the motion. *People v. Simpson*, No. 91-010300-01-FC (Wayne County Circuit Ct. May 7, 2007). Simpson's applications for leave to appeal were denied by the Michigan Court of Appeals, *People v. Simpson*, No. 280279 (Mich. Ct. App. Dec. 17, 2007), and the Michigan Supreme Court, No. 135932 (Mich. Feb. 4, 2009). The Michigan Supreme Court denied a motion for reconsideration. *People v. Simpson*, No. 135932 (Mich. April 28, 2009).

On May 5, 2009, Simpson filed another habeas corpus petition. This Court transferred the petition to the Court of Appeals. On June 24, 2010, the Court of Appeals authorized the filing of a second petition for writ of habeas corpus. The matter was returned to this Court and Respondent ordered to file a responsive pleading. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

II.

A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000). Thus a factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt.*

*Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

**B.**

Respondent argues that the petition was not filed within the applicable limitations period and that the Court of Appeals' opinion authorizing the filing of a second petition does not foreclose dismissal of the petition as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996, and governs the filing date for this action because Bell filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion

5

> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Sixth Circuit previously has held that when considering a request for authorization to file a second or successive habeas corpus petition, the Court of Appeals will not consider whether or not the habeas corpus petition complies with the one-year statute of limitations. *In re Dewitt McDonald, Jr.,* 514 F.3d 539, 543 (6th Cir. 2008). The Court of Appeals reasoned that, when evaluating a petition under § 2244(b), a Court of Appeals does not have a developed record. Consequently, the Court of Appeals is not in the best position to evaluate certain issues, for example, whether due diligence has been exercised in uncovering newly-discovered evidence. *Id.* In this case, the Sixth Circuit's decision authorizing the filing of a second habeas petition did not address the timeliness of the petition. Therefore, the timeliness of the pending petition has not yet been decided.

The petition is based upon purportedly newly-discovered evidence: a recanting affidavit from key prosecution witness Thomas Hale, dated February 22, 2005. If the limitations period runs from the date of the Hale Affidavit, the petition was timely filed because Petitioner filed a motion for relief from judgment approximately six months after the date of the affidavit. The filing of this motion would have tolled the limitations period, with approximately six months remaining. *See* 28 U.S.C. § 2244(d)(2) (the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period). The limitations period resumed running when the Michigan Supreme Court denied reconsideration of its denial of leave to appeal, on April 28, 2009. Petitioner filed the pending petition approximately one month later, well within the approximately six months that remained of the limitations period.

Respondent argues that the Hale Affidavit should not trigger the running of the limitations period because Simpson "gives no logical reason why he could not have discovered Hale's purportedly false testimony . . . sooner." Respondent's Motion at 8. At the same time, Respondent gives no logical reason why or how Hale's purportedly false testimony could or should have been discovered sooner.

In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to Simpson, as well as draw all reasonable inferences in Simpson's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir.2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir.2003). The Hale Affidavit is dated February 22, 2005. While Respondent questions the authenticity of the affidavit, this argument is nothing but conjecture. Respondent points to no letter, affidavit, trial transcript, or other source to show that the affidavit was discoverable prior to February

7

22, 2005. Respondent's argument that the information could have been discovered sooner amounts to nothing more than conjecture. Additionally, Simpson filed a motion for relief from judgment within six months after the date of the Hale affidavit. Simpson filed the habeas corpus petition within several days after exhausting his state court remedies for this claim. Thus, once the affidavit was signed, Simpson moved expeditiously to obtain state court, then federal court relief. Drawing all reasonable inferences in Simpson's favor, the Court finds that Respondent has failed to show that summary judgment is appropriate. Therefore, the Court will deny the motion.

### III.

For the reasons stated, the Court **DENIES** Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus [dkt. #13].

The Court **ORDERS** Respondent to file an answer in accordance with Rule 5, Rules Governing Section 2254 Cases, within **90 DAYS** from the date of this Order.

**SO ORDERED**.

Dated: July 27, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 27, 2011, by electronic and/or ordinary mail and also to James Simpson at Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811.

S/Josephine Chaffee
Deputy Clerk

---